IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERRICK JARROD JONES, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-15-0516 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition

challenging his prison disciplinary conviction.  Respondent filed a motion for summary

judgment (Docket Entry No. 9), to which petitioner filed a response (Docket Entry No. 13).

Upon consideration of the record, the pleadings, the motion and response, and the

applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this

case for the reasons that follow.

## I. BACKGROUND AND CLAIMS

Petitioner is in custody of the Texas Department of Criminal Justice pursuant to

multiple convictions for burglary of a habitation and sexual assault of a child.  He was found

guilty in the instant prison disciplinary proceeding of filing a UCC document with intent to

defraud the government.  He was punished with temporary loss of commissary privileges,

cell restrictions, reduction in line class status, and forfeiture of 299 days of good time credit. His administrative appeals of the disciplinary conviction were denied.

Petitioner raises various constitutional challenges to the disciplinary conviction in his habeas petition, and reports under penalty of perjury that he is eligible for mandatory supervised release. Respondent moves for summary judgment on grounds that, because petitioner is *not* currently eligible for mandatory supervised release, no cognizable habeas claim is raised and the petition should be dismissed.

## II.  ANALYSIS

It is well settled that sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary, recreational, or other privileges are the types of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id.* Moreover, a reduction in a prisoner's classification status and the potential impact on good time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the due process clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

To challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must have received a punishment sanction which included forfeiture of previously accrued good time credit and be currently eligible for mandatory supervised release. *Id.* Respondent has submitted Texas Department of Criminal Justice records for petitioner showing that he is not eligible for mandatory supervised release under his convictions for

sexual assault of a child.  (Docket Entry No. 9, exhibits.)  In his response to the motion for summary judgment, petitioner argues that, because he would still be eligible for mandatory supervised release under his burglary of a habitation convictions, he retains a protected liberty interest in his accrued good time credits.  Petitioner cites no legal authority for his argument, and the Court finds none.

Respondent's probative summary judgment evidence shows that petitioner is in custody pursuant to seven concurrent sentences – two sentences for burglary of a habitation and five sentences for sexual assault of a child.  Although he would be eligible for mandatory supervised release under the former sentences, he is ineligible under the latter sentences.  *See* TEX. GOV. CODE § 508.149(a)(6).  Petitioner will not become eligible for mandatory supervised release until he has discharged his sentences for sexual assault of a child.  *See Ex parte Alexander*, 861 S.W.2d 921, 923–24 (Tex. Crim. App. 1993) (holding that an inmate serving concurrent sentences, where one sentence is eligible for mandatory supervision and one is not, is not eligible for release until he discharges the ineligible sentence or is paroled).  *See also Florence v. Stephens*, No. 4:12–CV–2441 (S.D. Tex. 2013) (finding petitioner ineligible for mandatory supervised release due to his conviction for sexual assault of a child and denying habeas relief stemming from a separate disciplinary violation).

Because petitioner is not currently eligible for mandatory supervised release, the sanctions imposed as a result of his disciplinary conviction do not present a cognizable basis for federal habeas corpus relief.  Respondent is entitled to summary judgment dismissal of the instant petition.

To any extent petitioner's equal protection claim would stand as a cognizable ground for federal habeas relief notwithstanding his current ineligibility for mandatory supervised release, he presents no probative summary judgment evidence in support of such claim. The claim is **DENIED**.

## III.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 9) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 28 day of July, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE